**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0213, <u>State of New Hampshire v. Kenneth J. Lewis, Jr.</u>, the court on March 26, 2025, issued the following order:**

The court has reviewed the record submitted on appeal, has considered the written and oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The State appeals an order of the Circuit Court (<u>Quigley</u>, J.) denying its motion to compel the defendant, Kenneth J. Lewis, Jr., to produce to the State the medical and mental health records that were produced to the Office of the Forensic Examiner (OFE). We affirm and remand.

Between October 2021 and June 2022, the defendant was arrested multiple times and charged with numerous misdemeanors. Defense counsel filed a motion to determine the defendant's competency due to his concern, with respect to all of the pending charges, that the defendant lacked a rational comprehension of the proceedings against him and the ability to consult with counsel.

The trial court granted the motion, ordered a competency evaluation by the OFE, and directed defense counsel to produce to the OFE, among other things, the defendant's medical, psychiatric, and hospitalization records from the prior three years. The order provided that the contents of the records produced "shall be used only to determine competency and may not be used in any other proceeding, or further disclosed, without [an] order of the Court." Defense counsel was unable to obtain a release from the defendant for his records and later filed an <u>ex</u> <u>parte</u> motion, which the trial court granted, to compel the record holders to produce the requested records to the OFE.

Following the defendant's competency evaluation in February 2023, the State moved to compel the defendant to produce the records that were provided to the OFE. The State asserted that the defendant impliedly waived any privilege he had to the records by putting his mental state at issue in the case and that it had an essential need for the records to prepare for the competency hearing. The defendant objected, arguing that although his counsel had raised the issue of his competency, he did not waive the psychotherapist-patient privilege. He also argued that the State had not established an essential need for the records.

The trial court denied the State's motion. The State then filed a motion for reconsideration, which the trial court also denied. In April 2023, the State filed a notice of appeal in this court. The following month, the OFE issued its report and found the defendant competent to stand trial.

On appeal, the State argues that the trial court erred by denying its motion to compel disclosure of the medical and mental health records produced to the OFE. We review a trial court's decision on the management of discovery under an unsustainable exercise of discretion standard. Petition of State of N.H. (State v. MacDonald), 162 N.H. 64, 67 (2011). To meet this standard, the State must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of its case. Id.

The State first argues that the defendant impliedly waived any privileges in his medical and mental health records by complying with the trial court's competency evaluation order rather than objecting and asserting his privileges in the relevant records. The defendant asserts that he never waived his privileges and his refusal to sign a release for his records constitutes an objection to the court's order for production.[1] We agree with the defendant.

Defense counsel filed a motion requesting that the trial court order a competency evaluation based upon his concerns that the defendant lacked a sufficient "factual and rational understanding of the proceedings" and "may be unable to consult with counsel with a reasonable degree of rational understanding." The trial court granted the motion and ordered a competency evaluation. The trial court's order provided:

> If defense counsel is unable to obtain a release from the defendant
> for the collection of the records . . . defense counsel shall provide
> the Court with a list of providers, to the extent known . . . [and]
> [t]he Court will then issue an order to the providers directing them
> to produce the records described above directly to the [OFE].

Pursuant to the trial court's order, defense counsel, who was unable to obtain a release from the defendant, filed an ex parte motion for production of the defendant's records directly to the OFE. That defense counsel could not obtain a release from the defendant indicates that the defendant did not, as the State claims, "compl[y] with the order and produce[] relevant, responsive records." Defense counsel's compliance with the trial court's order does not constitute an

---

[1] The defendant also maintains that the State's argument is not preserved for our review because it was first raised in the State's motion for reconsideration of the trial court's denial of its motion to compel. When an issue is raised for the first time in a motion for reconsideration and failure to raise the issue earlier did not deprive the trial court of a full opportunity to correct its error, the issue has been preserved for our review. Mortgage Specialists v. Davey, 153 N.H. 764, 786 (2006). Because the trial court was given the opportunity to consider this argument in the first instance, we conclude that it is preserved for appellate review.

implicit waiver by the defendant of his privileges.  Cf. Petition of State of N.H. (State v. MacDonald), 162 N.H. at 69 (declining to hold that an alleged victim's medical records are put at issue simply because the State elects to proceed with a criminal prosecution).

To the extent the State argues that the defendant waived his privileges when his counsel "raised a bona fide doubt as to the defendant's competency," we disagree.  A party waives privileges, such as the psychotherapist-patient or physician-patient privileges, by putting confidential communications at issue thereby injecting the privileged material into the case.  Id.  These privileges, however, belong to the patient, who may prevent the psychotherapist or physician from revealing statements whose confidentiality the patient wishes to preserve.  See In re Search Warrant (Med. Records of C.T.), 160 N.H. 214, 220 (2010).  Here, defense counsel raised the issue of the defendant's competency, but the defendant took no position as to whether he was competent to stand trial.  The defendant, the privilege holder, did not sign a release of the records and therefore did not "inject[] . . . the privileged material into the case." Petition of State of N.H. (State v. MacDonald), 162 N.H. at 69.

Nonetheless, the State claims that it established an essential need for the defendant's records.  Specifically, the State contends that it had an essential need for the records that were produced to the OFE to prepare for the competency hearing.  The defendant argues that the State cannot categorically establish an essential need for privileged records simply because a defendant's competency is at issue.  We agree with the defendant.

Due process guarantees under both the Federal and State Constitutions protect defendants from standing trial if they are legally incompetent.  State v. Salimullah, 172 N.H. 739, 748 (2020).  The right not to be tried while incompetent is further protected by the constitutional requirement that, unless waived, a trial court must, on its own initiative, order an evidentiary hearing on the issue of competency whenever a bona fide or legitimate doubt as to competency arises.  Id.  When determining whether a bona fide or legitimate doubt exists with regard to a defendant's competency, the trial court should consider numerous factors, including, among other things, evidence of a defendant's irrational behavior and any prior medical opinion on competency. Id. at 748-49.  The State bears the burden of proving, by a preponderance of the evidence, that a defendant is competent to stand trial.  Id. at 748.

We have previously held that certain procedural protections are necessary to reconcile statutory privileges with the goals of law enforcement. In re Search Warrant (Med. Records of C.T.), 160 N.H. at 222; see also State v. Doyle, 176 N.H. 594, 598-99 (2024), 2024 N.H. 25, ¶¶13-14 (concluding that a defendant's medical and mental health records provided to the forensic examiner in competency proceedings were not exempt from statutory privileges).  Specifically, privileges may yield when: (1) a statute specifically

authorizes disclosure; (2) a sufficiently compelling countervailing consideration is identified; or (3) disclosure is essential under the specific circumstances of the case.  See In re Search Warrant (Med. Records of C.T.), 160 N.H. at 222.  "To establish essential need, the party seeking the privileged records must prove both that the targeted information is unavailable from another source and that there is a compelling justification for its disclosure."  Id. (quotation omitted).

The State asserts that presenting "the best information regarding the defendant's competency to stand trial at a competency hearing" constitutes a compelling justification because the State has the burden to establish the defendant's competency.  Without the defendant's records, the State argues that it "cannot either challenge or support the evaluator's opinion on the defendant's competency with other compelling evidence."  The State maintains that it is unable to obtain the records from another source because neither the defendant nor the OFE is obligated to disclose the defendant's records.

We conclude that the State's claim of an essential need for the defendant's records is premature.  The State filed its motion to compel production of the defendant's records in February 2023, one day after the defendant's OFE evaluation.  The trial court denied the motion, and the State filed its notice of appeal in April.  In May, the OFE found the defendant competent to stand trial.  When the State filed its motion to compel, it did not yet know the OFE's determination regarding the defendant's competency or the sources of information upon which that determination relied.  Further, it did not know whether the defense would concur with the OFE's determination or whether an evidentiary hearing on the defendant's competency would be necessary.

If, following the parties' review of the OFE's report, either party contests the OFE's determination such that an evidentiary hearing is necessary, the State may be able to establish an essential need for the defendant's medical and mental health records.  However, absent such circumstances, a ruling as to whether the State had established an essential need for the defendant's records would be premature.  We agree with the defendant that trial courts should wait to determine whether the State has an essential need for a defendant's privileged records until the OFE has issued its report and the parties have had an opportunity to accept or contest the OFE's determination.

We conclude that the trial court's denial of the State's motion to compel the defendant to produce his medical and mental health records was not

4

clearly untenable or unreasonable to the prejudice of the State's case.  See Petition of State of N.H. (State v. MacDonald), 162 N.H. at 67.  Accordingly, we affirm and remand for proceedings consistent with this order.

Affirmed and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**